ADKINS, J.,
dissents.
ARTICLE I
FLORIDA BOARD OF BAR EXAMINERS
Section 1. The admission of attorneys to the practice of the profession of law is a judicial function. All individuals who seek the privilege of practicing law in the State of Florida shall submit to the Florida Bar Examination.
Section 2. There is hereby created a Florida Board of Bar Examiners consisting of twelve members of The Florida Bar. The members now constituting said Board shall continue to hold office for the terms now appointed. Their successors shall continue to be selected and appointed in the manner prescribed in Article I of the Rules Relating to Admissions to The Florida Bar. As terms expire, all appointments shall be for no more than five years, and any vacancy occurring during any term shall be filled by appointment. No person appointed by the Court as a result of a vacancy occurring during a term shall be appointed for more than five years, and the term of all such appointments shall be extended to October 31 of the last year of such term.
Section 3. The Board of Governors of The Florida Bar shall submit to the Court not less than thirty days prior to the expiration of any term, and in case of a vacancy, within thirty days thereafter, its recommendations with respect to appointees. Such group of recommended appointees shall be thrice the number to be appointed. The following provisions will be pertinent in connection with the nominations to membership on the Board:
a. Qualifications. A bar examiner should be a practicing attorney with scholarly attainments and an affirmative interest in legal education and requirements for admission to the bar.
b. Tenure. A bar examiner should be appointed for a fixed term but should be eligible for reappointment if the examiner’s work is of high quality. Members of the Board should be appointed for staggered terms to insure continuity of policy, but there should be sufficient rotation in the personnel of the Board to bring new views to the Board and to insure continuing interest in its work.
c. Devotion to Duty. A bar examiner should be willing and able to devote whatever time is necessary to perform the duties of examiner.
d. Essential Conduct. A bar examiner should be conscientious, studious, thorough and diligent in learning the methods, problems and progress of legal education, in preparing bar examinations, and in seeking to improve the examination, its administration and requirements for admission to the Bar. Each examiner should be just and impartial in recommending the admission of applicants and should exhibit courage, judgment and moral stamina in refusing to recommend applicants who lack adequate general and professional preparation or who lack good moral character.
e. Adverse Influences, Conflicting Duties and Inconsistent Obligations. Bar examiners should not have adverse interests, conflicting duties nor inconsistent obligations which will in any way interfere or appear to interfere with the proper administration of their functions. Appointment or election to the bench at any level of the court system, federal, state, county or mu *630 nicipal, shall constitute a disability to serve as a bar examiner so long as such individual shall continue to serve in such capacity. Bar examiners should not participate directly or indirectly in courses for the preparation of applicants for bar admission nor act as a trustee of a law school or of a university with which a law school is affiliated. Bar examiners should so conduct themselves that there may be no suspicion that their judgment may be swayed by improper considerations.
Section 4. During the month of October of each year the Board shall designate a Vice Chairman who shall hold office for a period of one year beginning on the ensuing November 1. In October of each succeeding year the previously elected Vice Chairman shall automatically be elevated to the Office of Chairman for a period of one year beginning November 1 following such person’s term as Vice Chairman. Such designation shall be determined by majority vote. In the event of an irreconcilable tie vote, such fact shall be certified to the Supreme Court, and it shall designate the Vice Chairman for the ensuing year.
Section 5. The members shall serve without compensation but shall be reimbursed for reasonable traveling and subsistence expenses incurred in the performance of their services for the Board. The Board may from time to time elicit the assistance of other members of The Florida Bar in proctoring the bar examination and in so doing may reimburse those other members of The Florida Bar assisting for reasonable subsistence expense.
Section 6. The offices of the Board shall be maintained in Tallahassee, Florida.
Section 7. (a) Meetings of the Board may be held at such places and times as may be fixed from time to time by the Board.
(b) Hearings shall be conducted by the Board in the State of Florida on the second Fridays of March, June, September and November of each year and may be conducted at such other times and at such places as may be fixed by the Board.
(c) Upon giving reasonable notice, the Chairman of the Board may conduct a meeting of the Board by conference telephone call for routine administrative action or for emergency action.
Section 8. The Board shall make such disbursements as are required to pay the necessary expenses of the Board. Annually it shall prepare a budget and submit the same to the Supreme Court for its approval. It shall cause proper books of account to be kept and shall have an annual audit made by the Office of the Auditor General or a Certified Public Accountant. Such annual audit shall be filed with the Clerk of the Supreme Court of Florida.
Section 9. The Board shall employ an Executive Director and such other assistants as it may deem necessary. It shall provide for the compensation of such employees and shall pay all other expenses. All employees shall be bonded as may be directed by the Board.
Section 10. Whenever any person subpoenaed to appear and give testimony or to produce books, papers or documents, refuses to appear or testify before the Board, or any division or committee thereof, or to answer any questions, or to produce such books, papers or documents, such person may be in contempt of the Board. The Board shall report the fact that a person under subpoena is in contempt of the Board for such proceedings against such person as the Court may deem advisable.
Section 11. The Board may resolve that committees on character, fitness and general qualifications should be appointed in some or all of the counties or judicial circuits in the State of Florida. Should it so resolve, the Board of Governors of The Florida Bar shall submit to the Board from time to time and as requested by the Board a group of recommended appointees. The group shall consist of thrice the number to be appointed. The Board shall, subject to the approval of the Court, select the appointees from this group. Such committees shall be known as “Character and Fitness Committees” and shall be advisory to the Board and in the performance of their ad *631 visory duties, they shall have such powers as the Court shall fix.
Section 12. A permanent committee to coordinate the work of the Bench, Bar, law schools and bar examiners and make recommendations to this Court concerning the same from time to time is hereby created and established. Such committee shall consist of two members of the Supreme Court to be designated by said Court, two members of the Board of Bar Examiners to be designated by such Board, two members of The Florida Bar to be designated by the Board of Governors of The Florida Bar, the Deans of all accredited Florida law schools or colleges, and such law student representation as the Court may from time to time provide. The committee shall convene at the pleasure of the committee members from the Supreme Court, one of whom shall be the presiding officer.
Section 13. Subject to the approval of the Court, the Board may classify applicants and law students and fix the charges, fees and expenses which shall be borne by them.
ARTICLE II
REGISTRATION OF LAW STUDENTS
Section 1. Every person intending to apply for admission to The Florida Bar shall, within one hundred fifty (150) days following the commencement of the study of law in an accredited law school, register with the Board by filing an Applicant’s Questionnaire and Affidavit (Form 1) as a registrant upon the forms supplied by the Board, including the documents and papers specified in Article IV, Section 4 except for the filing of the Certificate of Dean as specified in Article IV, Section 4(b)(1); a fee of $40.00 as specified in the provisions of Article V, Section 3; and such other papers as may from time to time be reasonably required by the Board. The Board will consider as timely filed any registration postmarked or received one hundred fifty (150) days following the commencement of the study of law.
Section 2. If any person fails to timely register but does so within one hundred sixty-five (165) days following the commencement of the study of law and shall fully respond to requests contained in a notice of untimely filing within a period not to exceed ten (10) days from mailing of such notice, such registration shall be accepted with a fee of $50.00 as specified under Article V, Section 4.
Section 3. If any person fails to timely register but does so within two hundred fifty (250) days following the commencement of the study of law, the fee shall be $75.00 as specified under the provisions of Article V, Section 5.
Section 4. If any person fails to register within two hundred fifty (250) days following the commencement of the study of law, the fee shall be $100.00 as specified under the provisions of Article V, Section 6.
Section 5. A basic character and fitness investigation shall be conducted in areas of possible concern on each student registrant. The Board may at any time find it advisable to make further inquiry into the character, fitness and general qualifications of a registrant. In such case the registrant may be required to pay a fee of $50.00 as is prescribed in Article V, Section 7. In every such investigation and inquiry the Board shall have all of the powers given it in respect to inquiry and investigation of applicants for admission to the Bar. If, after such investigation and inquiry, the Board shall find that the registrant is unfit, or the Board is in doubt about the registrant’s fitness, such determination shall be certified to the Supreme Court and the Executive Director shall transmit the file and other available information to the Supreme Court for such action in the particular case as the Court deems appropriate.
Section 6. The Applicant’s Questionnaire and Affidavit executed by a registrant shall not be deemed an application for admission into the Florida Bar Examination or an application for admission into The Florida Bar unless and until the registrant files a supplement to said Questionnaire and Affidavit as provided in Article IV, Sections 6 and 7.
*632 ARTICLE III
EDUCATIONAL, CHARACTER AND FITNESS REQUIREMENTS OF APPLICANTS
A. EDUCATIONAL REQUIREMENTS Section 1. No applicant shall be admitted to the Florida Bar Examination unless he or she furnishes to the Board:
(a)Satisfactory evidence that (1) the applicant has received an academic Bachelor’s Degree granted on a basis, of a four-year period of study in a college or university on the approved list of any one of the following regional accrediting associations or any Florida college or university approved by the Supreme Court of Florida:
a. New England Association of Schools and Colleges;
b. Middle States Association of Colleges and Schools/Commission on Higher Education;
c. North Central Association of Colleges and Schools;
d. Southern Association of Colleges and Schools — Commission on Colleges;
e. Northwest Association of Schools and Colleges;
f. Western Association of Schools and Colleges — Accrediting Commission for Senior Colleges.
The academic Bachelor’s degree referred to above must have been conferred at a time when such college or university was accredited or within 12 months of such accreditation. (2) In the alternative, such applicant shall have successfully completed an examination designated by the Board evidencing attained knowledge equivalent to 120 semester hours of college study to be administered under the Board’s supervision; or (3) a determination at the cost of the applicant by a credentials evaluation service or other professionals approved by the Board that the applicant’s education is the equivalent of a Bachelor’s Degree awarded by an accredited institution. ■
This section shall be applicable only to those applicants applying for admission to the Bar who enrolled in any accredited law college subsequent to December 31, 1975. All other applicants shall be governed by previous requirements under Section 22(a) of Article IV. (Satisfactory evidence of at least two years’ in-residence undergraduate work if entry into law school was prior to December 31, 1960, or at least three years’ in-residence undergraduate work if entry into law school was subsequent to December 31, 1960, but prior to December 31, 1975, or the successful completion of a college equivalency examination to be administered under the Board’s supervision.)
Graduation from any one of the following institutions: the United States Military Academy, the United States Naval Academy, the United States Air Force Academy, the United States Coast Guard Academy, or the United States Merchant Marine Academy, will fully satisfy the requirement of this section.
(b) Satisfactory evidence of graduation from a full-time accredited law school at a time when or within 12 months of such accreditation, or in the alternative, satisfactory evidence that the applicant has completed the requirements for graduation from a full-time accredited law school at a time when such law school was accredited or within 12 months of such accreditation, and that such accredited law school has or, in the alternative, will confer upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence. The term “accredited law school” has reference to any law school approved or provisionally approved by the American Bar Association or which is a member of the Association of American Law Schools. None of the following shall be substituted for law school training:
(1) Private study, correspondence school or law office training;
(2) Age or experience;
(3) Waived or lowered standards of legal training for particular persons or groups.
(c) For those applicants not meeting the requirements of Article III, Section 1(a) or (b), the following requirements shall be met: (1) such evidence as the Board may *633 require that such applicant was engaged in the practice of law in the District of Columbia or in other states of the United States of America, or in practice in federal courts in territories, possessions or protectorates of the United States for at least ten years, and was in good standing at the bar of the District of Columbia, the territory, possession or protectorate, or of the state in which such applicant practiced; and (2) a representative compilation of the work product in the field of law showing the scope and character of the applicant’s previous experience and practice at the bar, including samples of the quality of the applicant’s work, such as pleadings, briefs, legal memoranda, corporate charters or other working papers which the applicant considers illustrative of such applicant’s expertise and academic and legal training. Such representative compilation of the work product shall confine itself to the applicant’s most recent ten years of practice and shall be filed at least 90 days prior to the administration of the Florida Bar Examination, notwithstanding the provisions of Article VI, Section 5. If a thorough consideration of such representative compilation of the work product shows that the applicant is a lawyer of high character and ability, whose professional conduct has been above reproach, and whose academic and legal scholarship conform to approved standards and sum up to the equivalent of that required of other applicants for admission to the Florida Bar Examination, the Board may, in its discretion, admit such applicant to the General Bar Examination and accept score reports directed to the Board from the National Conference of Bar Examiners or its designee. In evaluating academic and legal scholarship the Board is clothed with broad discretion.
B. CHARACTER AND FITNESS REQUIREMENTS
Section 2. No person shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for Admission to The Florida Bar unless such person first produces satisfactory evidence to the Board of good moral character and an adequate knowledge of the standards and ideals of the profession and that such person is otherwise fit to take the oath and perform the obligations and responsibilities of an attorney. An applicant may withdraw an application for admission to The Florida Bar at any time; provided, however, in such event the Board may continue its investigative and adjudicatory functions to conclusion. No person shall be recommended for admission to The Florida Bar who has not reached the age of eighteen years.
Section 3. (a) Prior to recommending an applicant for admission to practice the profession of law in Florida, the Florida Board of Bar Examiners shall conduct an investigation and otherwise inquire into and determine the character, fitness, and general qualifications of every applicant. In every such investigation and inquiry, the Board may obtain such information as bears upon the character, fitness, and general qualifications of the applicant and take and hear testimony, administer oaths and affirmations, and compel, by subpoena, the attendance of witnesses and the production of books, papers and documents. Any member of the Board may administer such oaths and affirmations. Such investigations and inquiries shall be informal, but they shall be thorough, with the object of ascertaining the truth. Technical rules of evidence need not be observed. Any investigative hearing for such purpose may be held by a division of the Board consisting of not less than three members of the Board. Each division shall record its proceedings and shall report its decisions to the full Board. Formal hearings held in response to Specifications shall be conducted before a quorum of the Board which shall consist of not less than five members.
(b) Following the conclusion of a formal hearing held in response to Specifications as provided in subsection (a), the Board shall expeditiously make its findings of fact and recommendation for or against the admission of an applicant. If sufficient time has not passed since the occurrence of the behavior described in one or more of the Spec *634 ifications sustained to permit the Board to determine whether the applicant has established his or her qualifications and what recommendation the Board would make to the Supreme Court of Florida, the Board may petition the Supreme Court of Florida for a reasonable extension of time for further investigation, not to exceed one year after the conclusion of the formal hearing. If an extension is granted, the Board may continue its investigation or otherwise acquire such additional information as is needed to permit it to make its final decision. The applicant shall be notified of any petition for extension and shall be given an opportunity to show cause why the extension should not be granted. The applicant shall be notified promptly by the Board of its findings of fact and recommendation, which action shall be subject to review by the Court as specified under Article III, Section 4(b).
Section 4. (a) Any applicant who is dissatisfied with the Board’s recommendation concerning his or her character, fitness or general qualifications, may, within sixty (60) days after notice of the Board’s recommendation, file with the Board a petition for reconsideration with the fee of $50.00 as specified under the provisions of Article V, Section 8. The petition must contain new and additional matter which the Board has not previously considered. Only one such petition for reconsideration may be filed.
(b) Any applicant or student registrant who is dissatisfied with the Board’s recommendation concerning such applicant’s or registrant’s character and fitness may file an appropriate petition with the Clerk of the Supreme Court of Florida, within a period of sixty (60) days after receipt of the Board’s recommendation. A copy of such petition shall be served upon the Executive Director of the Board. Upon receipt of such petition, the Executive Director shall place the file and other available information with the Supreme Court, and such Justice or Justices thereof as shall be designated by the Chief Justice may interview and hear such applicant or student registrant and make such inquiry of the Board and others as shall be necessary to a decision as to whether such applicant or student registrant meets the character and fitness requirements. The Justice or Justices so designated shall make a recommendation to the Court and the final action of the Court shall be duly entered in the minutes thereof.
(c) Any applicant who has been refused recommendation by the Board or any applicant or student registrant who has proceeded through the provisions of subsection (b) above and is the recipient of final action by the Supreme Court of Florida either denying an applicant’s admission or finding a student registrant to be unfit for admission may, within a period of not less than two calendar years from the date the Board delivered its adverse finding or from the date the Court entered such final action, whichever is later, file an appropriate petition with the Clerk of the Supreme Court of Florida in an attempt to show sufficient rehabilitation to warrant a review of the Board’s finding or the re-evaluation by the Court of its final action. The Court shall fix all investigative costs to be borne by the petitioner and remitted to the Florida Board of Bar Examiners, which Board shall serve as the Court’s investigative arm in such matters. In issuing a judgment adverse to an applicant or student registrant, the Court shall fix the date after which subsequent petitions may be filed with the Court.
ARTICLE IV
APPLICATIONS
Section 1. Applications shall consist of:
(a) An Application for Admission into the General Bar Examination (Form 1-A) and;
(b) Application for Admission to The Florida Bar (Form 1 or Form 2, as applicable).
Although the application for admission into the General Bar Examination and the application for admission to The Florida Bar are entirely independent of each other, applicants are advised that the character and *635 fitness investigation conducted by the Board in conjunction with the Application for Admission to The Florida Bar is detailed and may require 6-8 months for all facts to be marshalled and a decision reached by the Board. Therefore, law students are encouraged to file for admission to the Bar when entering their senior year in law school to assure completion of all character and fitness related matters at the time of grade release of the first examination following graduation. All applicants are urged to file fully completed questionnaires and to be responsive to Board requests for further information in order to assure orderly processing of the files.
Applications for Admission into the General Bar Examination and to The Florida Bar shall be made upon forms supplied by the Board pursuant to Article V, Section 16. Those applicants utilizing Part B (Multi-state Bar Examination — MBE) scores from other jurisdictions must have filed with that jurisdiction as an applicant for that bar prior to the administration of said MBE.
The Application for Admission to The Florida Bar must be filed not later than 180 days from the date of the notice that success has been attained on all parts of the Florida Bar Examination (General Bar Examination and Multistate Professional Responsibility Examination — MPRE) as provided under Article VI, Section 9(b).
Note. Applications for the Multistate Professional Responsibility Examination (MPRE) are filed with the appropriate agency of the National Conference of Bar Examiners. Fees required for that administration shall be paid to the agency administering that examination.
Section 2. Applicants for admission into the General Bar Examination and applicants for admission into The Florida Bar who have not been admitted to the Bar in any other jurisdiction for a period in excess of twelve months preceding the filing of an Application for Admission to The Florida Bar (time spent in military service of the United States not to be reckoned as part of said twelve months) shall accompany the initial application with a fee of $120.00, as specified under Article Y, Section 1, and such other fee as may be required under Article II.
Section 3. All applicants for admission into the General Bar Examination and applicants for admission into The Florida Bar except those described in Article IV, Section 2 shall accompany the initial application with a fee of $500.00, as specified under Article V, Section 2.
Section 4. (a) The required fees must be paid at the time an Application for Admission into the General Bar Examination is filed. Each such application, as an integral part thereof, must be accompanied by the following:
(1) A photograph, 2V2" X 2V2", made within six months prior to the filing of the application;
(2) Two (2) complete sets of fingerprints taken and certified by an authorized law enforcement officer;
(3) Such supporting documents or additional information as may be required on the forms supplied by the Board.
(b) Except for applicants who qualify for admission into the General Bar Examination under the provisions of Article III, Section 1(c) the following documents are also required and should be filed with the Application for Admission to The Florida Bar if possible, but shall be filed not later than 180 days from the date of notice that success has been attained on the Florida Bar Examination:
(1) A Certificate of Dean (Form No. 3) certifying the applicant’s graduation from a full-time accredited law school, as is provided under the provisions of Article III, Section 1(c).
(2) An official transcript of academic credit certifying that the applicant has received an academic Bachelor’s Degree granted on the basis as specified under Article III, Section 1(a), which transcript must come directly from the awarding institution.
(c) An Application for Admission to The Florida Bar, which must be filed not later *636 than 180 days from the date of the notice from the Board that success has been attained on all parts of the Florida Bar Examination, must be accompanied by the following which will be deemed a part of it:
(1) If the applicant is not a natural born citizen of the United States and indicates a name change at the time of naturalization, evidence of naturalization satisfactory to the Board that such name change occurred.
(2) If the applicant has been admitted to the practice of law in one or more jurisdictions, evidence satisfactory to the Board that the applicant is of good standing in such jurisdictions and a copy of the application for admission filed in each such jurisdiction.
(3) An authorization and release on a form supplied by the Board requesting and directing the inspection and furnishing to the Board, or any of its authorized representatives, all relevant documents, records or other information pertaining to the applicant and releasing any person, firm, officer, corporation, association, organization or institution from any and all liability in respect to such inspection or the furnishing of any such information.
(4) Supporting documents and other information as may be required in the forms supplied by the Board and such other documents as the Board may, in addition, from time to time reasonably require.
(5) In instances wherein the applicant elects to demonstrate compliance with the requirements of Part B of the General Bar Examination through submission to the Multistate Bar Examination (MBE) in an admitting jurisdiction other than the State of Florida, a certificate bearing the score attained in that jurisdiction forwarded directly to the Florida Board of Bar Examiners by the administering jurisdiction on a form for such certification supplied by the Florida Board of Bar Examiners (Form 32).
(6) Each applicant must demonstrate compliance with the requirements of successful completion of the Multistate Professional Responsibility Examination (MPRE) by causing a certificate supplied by the agency administering such examination bearing the score attained on the Multistate Professional Responsibility Examination (MPRE) to be forwarded directly to the Florida Board of Bar Examiners by the designee of the National Conference of Bar Examiners.
Section 5. Applicants seeking postponement of their submission to Part A of the General Bar Examination or Part B thereof if administered in Florida shall be permitted to do so upon payment of
(a) a fee of $20.00, as specified under Article V, Section 11(a), if a written notice of postponement is received at least seven (7) days in advance of the commencement of the administration of such examination; or
(b) a fee of $30.00, as specified under Article V, Section 11(b), if a written notice of postponement is received thereafter but preceding the deadline for filing for the next administration of such examination.
All such applicants who have previously postponed their submission to Part A of the General Bar Examination or Part B thereof if administered in Florida must bring their applications to current status by the filing of another examination application by the deadline as specified under the provisions of Article VI, Section 5.
Section 6. If the applicant has filed an Applicant’s Questionnaire and Affidavit as a registrant as required by Article II, Section 1, the provisions of Article IV, Section 4 shall be inapplicable but in such case the applicant shall, not later than 180 days from the date of notice that success has been attained on the Florida Bar Examination, file a supplement to said questionnaire and affidavit upon forms supplied by the Board, and upon the filing of such supplement, the said questionnaire and affidavit filed as a registrant and all documents, records, information, and every other portion of the file shall be deemed converted into and shall thereupon be an application for admission to The Florida Bar. The Board may re *637 quire the applicant to furnish such additional or supplemental information as the Board deems reasonable and necessary in the consideration of the application for admission to The Florida Bar.
Section 7. Even though an applicant has filed an Applicant’s Questionnaire and Affidavit as a registrant as specified under Article II, the separate Application for Admission into the General Bar Examination must be filed by the deadlines as specified under the provisions of Article VI, Section 5 and in compliance with the provisions of Article IV, Section 4 except that compliance with subsections (a)(1) and (2) and (b)(2) may be omitted if there has been previous compliance.
Section 8. (a) Applications for admission to The Florida Bar whether filed as a registrant under Article II or as an applicant under this Article are continuing in nature and must give correctly and fully the information therein sought as of the date that the applicant is sworn in as a member The Florida Bar. The Board may require that all information furnished to it be given under oath.
(b) Every applicant or registrant shall immediately inform the Board of any change or discovered error in information previously furnished to the Board.
(c) Every applicant shall state under oath when filing an Application for Admission into the General Bar Examination that all information in every application and amendments thereto previously submitted is true and complete.
Section 9. The Board shall make public the topics upon which applicants will be examined and also make such suggestions for the information and guidance of students as will tend to promote their studies.
Section 10. If any applicant or student registrant shall be dissatisfied with an administrative ruling of the Board not covered by. Article III, Section 4, such applicant or student registrant may, within ten (10) days after receipt of written notice of the Board’s action, file an appropriate petition with the Clerk of the Supreme Court of Florida for review of the Board’s action. A copy of any such petition shall be served upon the Executive Director of the Board. The Board shall have fifteen (15) days after the service of said copy on the Executive Director in which to file a response to the petition with the Clerk of the Supreme Court of Florida and shall serve a copy thereof upon the applicant or student registrant. Service of a petition or response may be in person, by certified mail, or by registered mail. Thereafter, the matter shall be disposed of as the Court directs and any final action of the Court shall be duly entered in the minutes thereof.
ARTICLE V
SCHEDULE OF FEES
The following fees shall be paid by the applicant. No fees shall be refunded, except that the Board may, in its discretion and upon request, refund all or a portion of the fees of an applicant who dies before taking the oath of admission.
Section 1. The application of applicants described in Article IV, Section 2, shall be accompanied by a fee of.$120.00.
Section 2. The application of applicants described in Article IV, Section 3, shall be accompanied by a fee of. $500.00.
Section 3. The Applicant’s Questionnaire and Affidavit filed as a registrant as required by Article II, Section 1, shall be accompanied by a fee of.$ 40.00.
Section 4. The application filed late as provided in Article II, Section 2, shall be accompanied by a fee of.$ 50.00.
Section 5. The application filed late as provided in Article II, Section 3, shall be accompanied by a fee of. $ 75.00.
Section 6. The application filed late as provided in Article II, Section 4, shall be accompanied by a fee of. $100.00.
Section 7. For the investigation and inquiry provided in Article II, Section 5, the registrant shall pay a fee of.$ 50.00.
Section 8. A petition for reconsideration as provided under the provision of Article III, Section 4(a), shall be accompanied by a fee of. $ 50.00.
*638 Section 9. A petition for reconsideration of a ruling by the Board involving the suspension or waiver of any rule or regulation or an order issued by the Board relating to matters other than a registrant’s dr applicant’s character, fitness or general qualifications, shall be accompanied by a fee of. $ 10.00.
The petition must refer only to an administrative ruling by the Board and contain new and additional matter which the Board has not previously considered.
Section 10. For each examination administration entered after the first which must be paid by the deadlines prescribed in Article VI, Section 5, a fee of .$ 50.00.
The term “administration” refers to any one of the two annual presentations specified under Article VI, Section 4. The second presentation entered, whether to repeat a part or parts of the examination or attempt a part or parts of the examination for the first time, requires payment of this fee.
Section 11. Fees for postponement of admission to the General Bar Examination as provided under Article IV, Section 5, herein shall be:
(a) As provided by Article IV, Section 5(a).. $ 20.00.
(b) As provided by Article IV, Section 5(b). $ 30.00.
Section 12. Petitions or requests relating to or involving a suspension or waiver of any rule, regulation or order shall be accompanied by a fee of. $ 15.00.
Section 13. The cost of a transcript or any record or document reasonably required by the Board in the conduct of an investigation or inquiry into the character and fitness of an applicant or a registrant shall be paid by such applicant or registrant.
Section 14. Upon a showing of need therefor by the Board, the Court may order any applicant or registrant to pay over to the Board additional sums necessary in the conduct of any inquiry and investigation into the character and fitness and general qualifications of such applicant or registrant.
Section 15. Each request for a copy of any document or portion thereof filed by an applicant in the course of such applicant’s seeking admission to the General Bar Examination or The Florida Bar or for any certificate of the Board shall be accompanied by a fee of $5.00 for the first page and $.25 for each additional page.
Section 16. Requests for copies of the application forms for admission to the General Bar Examination and for admission to The Florida Bar filed by persons other than students matriculating at the law schools within the State of Florida, the deans and librarians of such Florida law schools, and any other persons to be designated by the Board, shall be accompanied by a fee of $10.00. Any person having paid this fee shall have a like amount deducted from any application fee which is paid within one year from the receipted date of the payment of this fee.
Section 17. The Board shall honor requests received in writing for copies of the essay-type questions which appeared on a previously administered General Bar Examination. Each such request shall be accompanied by a fee of. $ 5.00.
Section 18. Each request from an applicant for a copy of such applicant’s answers to essay-type questions from a single General Bar Examination shall be accompanied by a fee.of. $ 20.00.
Section 19. The examinees using a typewriter to complete answers to the essay portions of the General Bar Examination shall pay a fee of. $ 10.00.
ARTICLE VI
EXAMINATIONS
Section 1. The Florida Bar Examination shall consist of a General Bar Examination and the Multistate Professional Responsibility Examination (MPRE).
(a) The General Bar Examination will consist of two parts (A and B). Part A will consist of a combination of essay and multiple-choice questions and Part B will consist of the Multistate Bar Examination (MBE). *639 The General Bar Examination shall test the applicants’ ability to reason logically, to analyze accurately the problem presented, and to demonstrate a thorough knowledge of the fundamental principles of law and their application.
(b) The purpose of the Multistate Professional Responsibility Examination (MPRE)-is to measure the applicants’ knowledge of the ethical standards of the legal profession.
Section 2. A portion of the General Bar Examination shall consist of questions in the form of hypothetical fact problems requiring essay answers. Questions may be designed to require answers based upon Florida case or statutory law of substantial importance. Essay questions may not be labeled as to subject matter.
Section 3. (a) The Board shall be responsible for the preparation, grading and conducting of written examinations, and members thereof shall be willing and available to discuss with applicants general problems regarding the purposes, policies and procedures of the examination. The written examinations shall be held in such places in the state as the Board may from time to time direct.
(b) The Board may utilize the services of expert draftsmen to prepare bar examination questions, either by arranging for the drafting services of qualified persons, including out-of-state law teachers, or by using the services of the National Conference of Bar Examiners or other national agency. Before an essay question is accepted for use on the General Bar Examination, whether drafted by the examiners or by expert draftsmen, every point of law in the question shall be thoroughly briefed and the question shall be analyzed and approved by the Board. Every machine-scored item of Part A as herein defined must specify authority for the best response, and every such item and authority should be analyzed and approved by the Board preceding inclusion of the item on the General Bar Examination.
(c) The Florida Bar Examination shall consist of a General Bar Examination and the Multistate Professional Responsibility Examination (MPRE).
The General Bar Examination shall be designated as Part A and Part B.
Part A shall be of six hours’ duration and shall be composed of six one-hour segments to be promulgated by the Florida Board of Bar Examiners.
One segment shall embrace the subject of Florida Rules of Civil and Criminal Procedure, another shall embrace the subject of Florida Constitutional Law and the remaining four segments shall be selected from the following subjects:
Federal Constitutional Law
Business Entities Including Corporations and Partnerships
Wills and Administration of Estates
Trusts
Real Property
Evidence
Torts
Part B shall consist of the Multistate Bar Examination (MBE) which is that examination offered to the several states by the National Conference of Bar Examiners and designated by that organization as the Mul-tistate Bar Examination (MBE). The Mul-tistate Professional Responsibility Examination (MPRE) shall be the examination offered to the several states by the National Conference of Bar Examiners designated by that organization as the Multistate Professional Responsibility Examination (MPRE), which examination is administered generally three times each year throughout the country at various colleges and universities selected by the National Conference of Bar Examiners and its designee.
Section 4. The General Bar Examination shall be administered on the last Tuesday and Wednesday of February and July of each calendar year. Part B (the Multistate Bar Examination — MBE) is presented simultaneously in the various participating states on the last Wednesday of February and July of each calendar year.
Section 5. Applications for admission to the February administration of the General *640 Bar Examination shall be postmarked or received not later than the first Tuesday in January.
Applications for admission to the July administration of the General Bar Examination shall be postmarked or received not later than the first Tuesday in June.
Applications for admission into the Mill-' tistate Professional Responsibility Examination (MPRE) shall be filed with the agency administering that examination within the time limitations set by that authority. The Multistate Professional Responsibility Examination (MPRE) is currently administered in March, August and November of each year.
Section 6. An applicant may elect to submit to the General Bar Examination by either of the following methods:
(a) Method 1 (compensatory model) may be utilized only by applicants who submit to Parts A and B during the same administration of the General Bar Examination. To pass on Method 1 an applicant must have an average scaled score of 133 or better.
(b) Method 2 (multiple cut off model) may be utilized only by applicants who:
(1) submitted to the Multistate Bar Examination (MBE) in another jurisdiction, received a sealed score of not less than 133 on the Multistate Bar Examination (MBE) and who elected to submit to only Part A of the General Bar Examination in Florida; or
(2) submitted to the General Bar Examination on a previous administration and received a scaled score of 133 or higher on only one of the two parts of such examination and who wished to retake just the part previously failed. Applicants who elect to submit to only
one part of the General Bar Examination on a given administration shall utilize Method 2 and may not combine a score attained on one part from one administration with a score on the other part from a different administration. Such applicants shall have taken the Multistate Bar Examination (MBE) previously (unless, of course, the Multistate Bar Examination (MBE) is the only part that they are taking).
An applicant who has attained a passing scaled score on only one part and who elects to submit to the compensatory model (Method 1) of the General Bar Examination as described above shall retain such passing score on said part even though such applicant shall fail to achieve a passing score on that part on subsequent administrations.
Section 7. Each examination paper produced by an applicant on the General Bar Examination shall be separately graded. The scores of each section of Part A shall be converted to a common scale by a recognized statistical procedure so that each section will be equally weighted. The sum of the converted section scores will be the total score for Part A. All total scores attained by the applicants on Part A shall be converted to the same distribution as their Multistate Bar Examination (MBE) scaled scores. Multistate Bar Examination (MBE) scores (Part B) are the scaled scores on the Multistate Bar Examination (MBE) provided by the National Conference of Bar Examiners. Scaled scores shall be used in order to assure that the standard of measurement of competence from examination to examination is not affected by the difficulty of the particular test or the ability of that particular group as distinguished from the general population of applicants. Papers shall be graded and credited by number and not by applicant’s name. The name of the writer of the examination paper shall not be revealed by the staff to the members of the Board or readers or any source other than the Supreme Court of Florida. Each applicant must attain a scaled score of 133 or better on Part A and on Part B under Method 2 and an average of 133 or better under Method 1, or such scaled score as may be fixed by the Court. If the applicant elects to utilize a Part B score through submission to the Multistate Bar Examination (MBE) in an admitting jurisdiction other than the State of Florida, a certificate bearing the National Conference of Bar Examiners scaled score attained in that jurisdiction shall be forwarded directly to the Florida Board of Bar Examiners by the *641 admitting jurisdiction or the Director of Testing (National Conference of Bar Examiners) on a form supplied for that purpose by the Florida Board of Bar Examiners (Form 32).
(a) The Board may utilize the services of trained expert readers. Such readers will be selected solely upon the qualifications of such individuals and without regard to the law colleges from which they graduated.
(b) To assure maximum uniformity in all grading, the Board will utilize the services of multiple calibrated readers.
(c) Each examination paper produced by an applicant on the Multistate Professional Responsibility Examination (MPRE) shall be separately graded. The raw score attained by each applicant shall be converted to a scaled score by the National Conference of Bar Examiners or its designee in order to assure that the standard of measurement of competence from examination to examination is not affected by the difficulty of the particular test or the ability of that particular group as distinguished from the general population of applicants.
Each applicant must attain a scaled score of 70 or better or such scaled score as may be fixed by the Court.
Each applicant shall be required to provide score reports directly to the Florida Board of Bar Examiners from the National Conference of Bar Examiners or its desig-nee.
Section 8. Every qualified applicant who desires to repeat any part of the General Bar Examination shall file an Application for Admission into the General Bar Examination on a form prescribed by the Board and such application shall be accompanied by a fee of $50.00 as prescribed under Article V, Section 10 and shall be filed in the Board’s office within the deadlines as specified under the provisions of Article VI, Section 5, as they pertain to the examination which such applicant désires to take.
Section 9. (a) An applicant must successfully complete the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) within 25 months from first submitting to any portion of the examination in Florida or from the date of an examination in another jurisdiction the score of which has been accepted in lieu of submitting in Florida. An applicant who fails four times to pass any part of the General Bar Examination or who fails to pass both the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) within 25 months shall be ineligible to sit for any part of the examination until the passage of at least 1 administration of the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) from the close of the 25-month period. At the end of that period, the applicant must again successfully complete the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE) in their entirety regardless of whether a part has been successfully completed in the past.
(b) The Application for Admission to The Florida Bar must be filed not later than 180 days from the date of notice that success has been attained on both the General Bar Examination and the Multistate Professional Responsibility Examination (MPRE). Failure to comply with such filing deadlines will result in required reapplication for admission to the Florida Bar Examination and successful completion of all of the examination. The Application for Admission to The Florida Bar must be vigorously pursued by the applicant. Failure to respond to inquiry from the Board within three months may result in termination of that application and require reexamination and payment of all fees as if the applicant was applying for the first time.
Section 10. From time to time throughout the year, to be determined by the Supreme Court of Florida, the Board shall make its recommendations to the Supreme Court of Florida in accordance with Article-VII, Section 1.
Section 11. On each date set pursuant to Article VI, Section 10, the Board shall advise all persons submitting to any part of the General Bar Examination within the State of Florida at the last administration *642 thereof, whether such person has passed or failed any or all parts of said examination. At that time those persons who have passed all parts of the examination but who have not been recommended to the Supreme Court for admission to The Florida Bar will be further advised of the status of their applications.
Section 12. Applicants will be notified whether their Multistate Professional Responsibility Examination (MPRE) scores qualify as a passing score and applicants submitting to Part B of the General Bar Examination outside of the State of Florida shall be advised by the Board whether their scores qualify as passing scores.
Section 13. No information regarding applicants’ scores shall be released except as directed by the Supreme Court of Florida.
ARTICLE VII
CERTIFICATION TO THE SUPREME COURT AND ADMISSION TO THE FLORIDA BAR
Section 1. Every applicant who has complied with the requirements of the applicable rules for admission into the Florida Bar Examination, who has attained passing scores on the examination required, who has met the requirements as to character and fitness, and who has:
(a) Furnished to the Board satisfactory evidence that an accredited law school as specified in Article III, Section 1(b), has conferred upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence and who has complied with all other requirements for admission to practice the profession of law;
(b) Or complied with all requirements except the conferral of the first degree in law as set out in Article III, Section 1(c) but who has been declared by the Board as being fully qualified under the aforementioned Article III, Section 1(c)
shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar. If the Court is satisfied as to the qualifications of the applicant so recommended, an Order of admission shall be made and entered in the minutes of the Court, and it shall designate the manner in which all applicants will take the oath. Two induction ceremonies shall be scheduled each year at, which the oath shall be administered by the Chief Justice of the Court or a Justice thereof before the Court in formal session or by the Chief Judge of a District Court of Appeal or a Judge thereof before a District Court of Appeal in formal session. Any applicant who chooses not to attend such formal session may take the oath before any resident Circuit Judge or before such other official authorized to administer oaths. All applicants shall present themselves for such administration of the oath not later than 90 days from the date of notification of eligibility for admission by the Clerk of the Supreme Court of ’Florida. No certificate of admission to practice shall be issued until the oath of such applicant has been filed in the office of the Clerk of the Supreme Court. The Clerk shall maintain a permanent register of all persons so admitted.
Section 2. Should any applicant gain admission to The Florida Bar upon an Application for Admission into the General Bar Examination, an Application for Admission to The Florida Bar, or an amendment or a supplement thereto which, within 12 months of admission to The Florida Bar, is revealed to have been falsified in any respect, the Board, after investigation and hearings, shall make its findings and recommendations as to revocation of any license issued to any such applicant and shall file its findings with the Supreme Court of Florida for final determination by the Court.